IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANITA GULLETTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1497-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anita Gullette seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

**Background**

Plaintiff alleges that she is disabled as a result of a variety of ailments, including diabetes, neuropathy in her legs and feet, a bad back, and depression. *See* Administrative Record [Dkt. Nos. 11 & 12 ("Tr.")] at 16, 168; Dkt. No. 17 at 8-11. After her applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on January 8, 2013. *See* Tr. at 13. No medical expert or doctor testified at the hearing. *See id*. At the time of the hearing, Plaintiff was 45 years old. *See id*. at 20. She attended high school until the twelfth grade and has past work experience as a machine operator and

1

greeter. *See id*. at 20, 34, 168. Plaintiff has not engaged in substantial gainful activity since July 1, 2009. *See id*. at 58-61.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that Plaintiff suffered from insulin-dependent diabetes mellitus with neuropathy and retinopathy; high blood pressure, anemia, and obesity, *see id*. at 15, the ALJ concluded that the severity of that those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform and sustain light work but could not return to her past relevant employment. *See id*. at 14-15, 20. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a cleaner, cafeteria attendant, and photo copy machine operator – jobs that exist in significant numbers in the national economy. *See id*. at 21. Given her age, limited education, and exertional capacity for light work, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines. *See id*.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on two general grounds: (1) the ALJ did not apply the proper legal standard when reaching her decision, and (2) the ALJ's decision is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ committed reversible error by: (1) failing to give proper weight to the opinion of her treating mental health

specialist and (2) assessing the severity of her mental impairment without substantial evidentiary support.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[1]

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo. See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

3

at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or supplemental security income, a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See Id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4

4.     If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5.     If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Copeland*, 771 F.3d at 923 ("The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. The analysis is: First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [her] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in

appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See Id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to

fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels reversal and remand: the ALJ did not establish good cause for her failure to give controlling weight to the opinion of Plaintiff's only treating mental health physician, Dr. Zareena Raffi.

On October 30, 2012, Dr. Raffi reported that Plaintiff suffered an extreme loss of her ability to maintain concentration, attention, and a consistent pace. *See* Tr. at 982. Dr. Raffi further opined that Plaintiff had no useful ability to accept instructions, respond appropriately to criticism, get along with co-workers, behave in an emotionally stable manner, respond appropriately to changes in a routine work setting, cope with normal work stress, or finish a normal work week without interception from psychologically based symptoms. *See id.* at 983. Dr. Raffi anticipated that Plaintiff would miss more than four days of work per month due to her impairments. *See id.* at 984. When she rendered her opinion, Dr. Raffi considered instances when Plaintiff was

"stable on meds", "doing OK", or "doing well" and noted that those instances did not conflict with her aforementioned assessment of Plaintiff's limitations. *Id*.

The ALJ acknowledged that Plaintiff complained of depression and adjustment difficulties on October 18, 2011 and was diagnosed with a major depressive disorder by Dr. Raffi. *See* Tr. at 16. The ALJ considered Dr. Raffi's October 31, 2012 opinion but accorded it little weight because it did not meet the durational requirement for a severe impairment and did not support a finding that Plaintiff has a disabling impairment or functional limitations when she is compliant with medication. *See id*. at 16.

The ALJ also considered the assessments of non-examining state agency physicians. *See id*. at 20. The non-examining physicians opined that Plaintiff "remained capable of performing the mental and physical requirements of work-related activities." *Id*. Though the ALJ acknowledged that the opinions of these non-examining physicians "do no merit as much weight as those of examining or treating physicians," she held that their opinions were worthy of some weight. *Id*. In fact, she gave their opinions more weight than Dr. Raffi's.

"The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). "A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Id*. (internal quotations omitted). "The opinion of a specialist generally is accorded greater

weight than that of a non-specialist." *Id.* (internal quotations omitted). But the ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion" when good cause is shown. *Id.* at 455-56 (internal quotations omitted). An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456; *accord Hernandez v. Barnhart*, 202 F. App'x 681, 682-83 (5th Cir.2006) ("Additionally, this court has held that considerable weight can be given to the opinions of non-treating physicians, especially when the treating physician's evaluation is unsupported by the evidence. An ALJ can discount the weight of the opinions of treating physicians relative to the opinions of others if the treating physician's opinion and diagnosis is unsupported." (citing *Newton*, 209 F.3d at 456; *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995)).

"[T]he ALJ must consider specific "factors before declining to give any weight to the opinions of the claimant's treating specialist." *Newton*, 209 F.3d at 455-456 (internal quotations omitted). Social security regulations provide that the Social Security Administration "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion" and list factors an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to "controlling weight." 20 C.F.R. § 404.1527(d)(2). Specifically, the ALJ must consider:

> (1) the physician's length of treatment of the claimant;
> (2) the physician's frequency of examination;
> (3) the nature and extent of the treatment relationship;

(4) the support of the physician's opinion afforded by the medical evidence of record;

(5) the consistency of the opinion with the record as a whole; and

(6) the specialization of the treating physician.

20 C.F.R. § 404.1527(c)(2); *see also Newton*, 209 F.3d at 456. In *Newton*, the Fifth Circuit concluded that "an ALJ is required to consider each of the § 404.1527 (c) factors before declining to give any weight to the opinions of the claimant's treating specialist." 209 F.3d at 456. However, where there are competing opinions of examining physicians, the ALJ need not necessarily set forth his analysis of the Section 404.1527(c) factors when declining to give controlling weight to a treating physician. *See Qualls v. Astrue*, 339 F. App'x 461, 466-467 (5th Cir. 2009).

There is no competing opinion from an examining physician in this case because Dr. Raffi was the only examining mental health physician. Therefore, the ALJ was required to consider all six Section 404.1527(c) factors before she declined to give Dr. Raffi's opinion controlling weight. But the ALJ did not undergo any part of the Section 404.1527(c) analysis. Instead, she afforded Dr. Raffi's opinion little weight because (1) it did not show that Plaintiff met the durational requirement for a severe impairment and (2) did not support that Plaintiff suffered a disabling impairment or functional limitations when she was medically compliant. *See* Tr. at 16. Neither of these reasons involve consideration of the Section 404.1527(c) factors. Further, the record shows that Plaintiff's depression met the year-long durational requirement espoused in 42 U.S.C. § 423(d)(1)(A) because the ALJ acknowledged that Plaintiff's depression existed on October 18, 2011 and continued at least until Dr. Raffi's October 30, 2012 opinion. *See*

10

*id.* Dr. Raffi's opinion also indicates that Plaintiff suffers from disabling limitations even when she is compliant or stable with medication. *See id.* at 983-84.

The Commissioner contends that the ALJ considered the length, nature, and frequency of Dr. Raffi's treatment and examination of Plaintiff. *See* Dkt. No. 18 at 7-8. But no such analysis appears on the record. *See* Tr. at 16. The record also does not show that the ALJ analyzed Raffi's consistency with the record as the Commissioner currently suggests. *See* Dkt. No. 18 at 7. The ALJ also made no mention that she rejected Dr. Raffi's opinion because it was conclusory. *See id.* at 7-8. The arguments in the Commissioner's briefing cannot rehabilitate the ALJ's considerations because "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision." 209 F.3d at 455. Further, the Commissioner does not even allege that the ALJ analyzed Dr. Raffi's specialization. Consequently, the ALJ did not conduct the requisite analysis before she declined to give Dr. Raffi's opinion controlling weight. This analysis should be performed on remand.

The ALJ committed legal error by failing to consider the factors set forth in the Commissioner's regulations for evaluating treating physician's opinions. Though the ALJ acknowledged that treating physicians' opinions should merit more weight than other opinions, she afforded the non-examining physicians' opinions controlling weight. Tr. at 20. Because the ALJ failed to discuss each of the Section 416.927(c) factors, she discounted Dr. Raffi's opinion without the required analysis. The ALJ's error here is not harmless because this Court cannot say what the ALJ would have done had she properly evaluated the treating physician's opinion, and, if the ALJ had given more

weight to Dr. Raffi's opinion, she may have found Plaintiff disabled. *See Singleton v. Astrue*, No. 3:11-cv-2332-BN, 2013 WL 460066, at *6 (N.D. Tex. Feb. 7, 2013).

Thus, Plaintiff has shown prejudice from the ALJ's failure to properly weigh Dr. Raffi's opinion. The Court finds that the ALJ's legal error in weighing medical opinions will necessarily require reconsideration, not only of the medical opinions, but of the matters at issue at step two in Plaintiff's remaining issues, which the Court therefore need not reach.

## Conclusion

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: August 6, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE